**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Brook Graham-Willis, | ) | |
| | ) | Civil Action No. 1:12-cv-02489-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon motion of Plaintiff, through his attorney, Paul T. McChesney, for an award of attorney's fees equal to twenty-five percent (25%) of back pay awarded Plaintiff for disability benefits.

For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion for Attorney Fees Pursuant to the Social Security Act (ECF No. 23), as modified, in the amount of $20,075.00.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Brook Graham-Willis ("Plaintiff") entered into a contingency fee contract ("Agreement") with his attorneys on October 1, 2010. The agreement states in paragraph 2 that "For our work in Federal Court, if you get benefits, you will pay us 25% of the back money that is due to you AND YOUR FAMILY at that time." (ECF No. 23-2 at ¶ 2.) Plaintiff and his counsel, Mr. Paul T. McChesney, both signed the agreement. Plaintiff was successful in his underlying case and was granted a period of disability beginning January 2008. (ECF No. 23-4.) Plaintiff's auxiliary is entitled to child's benefits for the period March 2009 through June 2009. (ECF No. 23-3.) Plaintiff was awarded past due benefits totaling $102,229.00. (ECF No. 23-1 at 4.) Attorney Paul T. McChesney is now before this court with a petition for twenty-five percent

1

of the retroactive fees awarded. Twenty-five percent of that amount is $25,557.48. (*Id*.) The past due benefits for Plaintiff's auxiliary, Holland Nguyen, is $10,822.00. (*Id*.) Twenty-five percent of that amount is $2,705.50. Therefore, counsel seeks twenty-five percent of the total past due benefits totaling $28,262.48, minus a deduction for Equal Access to Justice Act ("EAJA") fees previously afforded to Plaintiff. Mr. McChesney agrees with Carolyn W. Colvin ("Commissioner") that all administrative fees and EAJA fees should reduce the amount of any award under 42 U.S.C. § 406(b). The parties stipulate to payment of EAJA fees in the amount of $4,372.78. (*Id*.) Twenty-five percent of the back pay awarded Plaintiff, minus EAJA fees, equates to $23,889.70. Accordingly, Mr. McChesney requests the court award $23,889.70 for legal services in this case. The legal services represent 11.75 hours of attorney services and 24.75 hours of paralegal work including evaluating the case for appeal to the District Court and advising the claimant; drafting the complaint; researching, preparing and filing a brief, a response brief, and reviewing the report and recommendation and final order and judgment. (ECF No. 23-1 at 3-4.) The Commissioner submitted a response to Plaintiff's Motion for Attorney Fees on February 17, 2015, requesting that the amount should be reduced to an amount that will reasonably compensate Plaintiff's attorney's firm for his and his paralegal's 36.5 hours of representational work. (ECF No. 24.)

## II.     LEGAL STANDARD AND ANALYSIS

The Social Security Administration provides three avenues by which a claimant's attorney may be paid fees in disability cases. Section 206 of the Social Security Act, 42 U.S.C. § 406, as well as the agency's implementing regulations, bifurcate attorney's fees for representation of claimants into services before the agency and services before the courts. Section 406(a) provides attorneys with the means of requesting fees directly from the agency,

either through a fee petition or through a fee agreement. For cases that proceed to federal court, where the court renders a judgment favorable to the claimant, the Social Security Act also provides that the court may determine and allow a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. 42 U.S.C. § 406(1)(A). Twenty-five percent of past-due benefits is the maximum fee award that the agency may directly certify for payment of attorney's fees under section 406(a) and/or 406(b) of the Social Security Act.

The third avenue by which a claimant's attorney may receive fees is a petition for fees pursuant to the EAJA, 28 U.S.C. § 2412(d). An EAJA award is permitted if a claimant receives a favorable decision from a court. A fee award may be made pursuant to § 206 of the Social Security Act and the EAJA; however, the claimants' attorney must surrender the smaller of the two awards to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). In *Gisbrecht*, the Supreme Court sustained the common practice amongst Social Security disability law attorneys of entering into contingent-fee agreements with their clients, but provided for "court review of such arrangements as an independent check, to assure they yield reasonable results in particular cases." 535 U.S. at 807. The Court noted that, in making its reasonableness determination, the district court should consider, *inter alia*, whether the amount Plaintiff's counsel would receive constitutes a "windfall," in light of the time Plaintiff's counsel spent on the case and the fees sought. *Id*. at 808 ("if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").

In the Commissioner's Response to Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), the Commissioner string cites numerous cases indicating that an effective hourly rate of $654.52 constitutes a windfall. (ECF No. 24 at 5.) *See, e.g., Ferguson v. Astrue*,

3

No. 2:05-cv-2393, 2007 WL 4322240 (D.S.C. Dec. 6, 2007), *Miller v. Colvin*, No. 0:10-cv-1548, 2013 WL 4504762 (D.S.C. Aug. 22, 2013).  The Commissioner reasons that "there is not authority from this court—or the Fourth Circuit—regarding how paralegal work should be compensated under § 406(b), if at all."  (ECF No. 24 at 4.)  The Commissioner goes on to cite several cases from other circuits that indicate the courts are in disagreement over whether or not time spent by paralegals is to be separately considered or whether it is expected to be included in overhead.  *Compare Roark v. Barnham*, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (declining to include paralegal time, which comprised over half of the time spent on the case), *with Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. 2005) (concluding that not including paralegal fees would amount to a windfall to Plaintiff, and approving an award that amounted to an hourly rate of almost $650 where counsel was highly experienced and had obtained significant benefits.) Of particular significance to the Commissioner is that an hourly rate of $654.52 represents an enhancement of more than seven times the $90.63 hourly paralegal rate granted in Plaintiff's Motion for EAJA Fees.  (ECF No. 20.) Additionally, the Commissioner acknowledges that this court has found an hourly rate as high as $972.00 "a generous result" but ultimately reasonable and cited a case from a district court within the Fourth Circuit approving a contingency fee with an hourly rate as high as $1,433.12 as reasonable.  *See Duvall v. Colvin*, No. 5:11-cv-577, 2013 WL 5506081 (D.S.C. Sept. 30, 2013) (citing *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003)).  However, the Commissioner alleges the case is distinguishable because while Duvall dealt with "particular difficulties in that case," the instant case "did not involve particularly complex or novel issues." Ultimately, the Commissioner makes no request as to any specific reduced fee award, instead entrusting the court to determine what, if any, downward reduction is warranted.

4

In Plaintiff's Reply to Defendant's Response to Motion for Attorney Fees, filed February 26, 2015, Plaintiff maintains that $23,889.70 is not an unreasonable award. (ECF No. 25 at 2.) Plaintiff alleges that the time spent working on the case by a paralegal is compensable, and that the requested fee is an accurate representation of the amount paralegal time should be billed. Plaintiff responded to Commissioner's argument that "this Court has previously found an effective hourly rate of $657.85 to constitute a windfall, reducing it to an effective hourly rate of $361.01," (citing *Ferguson v. Astrue*, No. 2:05-cv-2393, 2007 WL 4322240 (D.S.C. Dec. 6, 2007)), with the single statement that "[t]his does not mean that the Court found $361.01 to be a reasonable limit in all cases." However, the Commissioner never made the assertion that $361.01 was the reasonable limit in all cases, let alone in this particular case. Instead, the Commissioner merely asked this court to determine if any downward reduction in fees is warranted, and if so, left that determination to the court.

Next, Plaintiff asked this court to disregard the Commissioner's string cite which is meant to show "[c]ases in which this Court has found requested fees reasonable have entailed a ratio of amount requested and hours expended resulting in significantly lower effective rates than that requested here."[1] Plaintiff's reasoning for the court to disregard these cases is because "in all of those cases the Court did not reduce the fee; it just agreed that the requested amount based on the amount of time requested in relationship to the amount totaling 25% was reasonable."

---

[1] *Miller v. Colvin*, No. 0:10-cv-1548, 2013 WL 4504762 (D.S.C. Aug. 22, 2013) (effective rate of $488.93); *Levine v. Astrue*, No. 0:09-cv-1737, 2011 WL 4368409 (D.S.C. Sept. 19, 2011) ($581.72); *Salley-Davis ex rel. Davis v. Astrue*, 2012 WL 4900387 (D.S.C. Oct. 16, 2012) ($502.76); *Padgett v. Astrue*, No. 8:10-cv-1733, 2012 WL 2922656 (D.S.C. July 17, 2012) ($585.86); *Esposito v. Astrue*, No. 4:09-cv-1543, 2012 WL 194385 (D.S.C. Jan. 23, 2012) ($317.79); *Worley v. Astrue*, No. 0:10-cv-446, 2012 WL 75032 (D.S.C. Jan. 10, 2012) ($306.93); *Smith v. Astrue*, No. 3:10-cv-66, 2011 WL 4544050 (D.S.C. Sept. 30, 2011) ($235.06); *Aurand v. Astrue*, No. 4:07-cv-3561, 2009 WL 2148130 (D.S.C. July 15, 2009) ($130.92); *Causey v. Astrue*, No. 3:05-cv-2025, 2009 WL 111318 (D.S.C. Jan. 8, 2008) ($301.25).

(ECF No. 25 at 5.)  Plaintiff then continues to string cite several other cases awarding higher amounts.  (*Id.*)[2]  The court does not think it proper to disregard the Commissioner's argument simply because the cases did not involve a fee reduction.  The cases nonetheless provide clear examples of individual cases in which courts' found effective hourly rates to be proper given the requested amount in relation to hours expended on the case.  Yet, Plaintiff's argument does reveal that there is not consensus regarding the exact appropriate effective rate to be applied.  The conclusion is the same conclusion set forth earlier in *Gisbrecht*, where the Supreme Court provided for "court review of such arrangements as an independent check, to assure they yield reasonable results in particular cases."  535 U.S. at 807.  In other words, the reasonableness of the contingency-fee award depends on the particular circumstances in each case, to be determined by the court.

    Additionally, as to the Commissioner's claim that it was of "particular significance" that an hourly rate of $654.52 represented "an enhancement of more than seven times the $90.63 hourly paralegal rate granted in Plaintiff's Motion for EAJA Fees."  (ECF No. 20.)   Plaintiff asserts that persuasive case law indicates the issue is not whether paralegal time is compensable, or if so, what enhancements are proper, but is rather whether the percentage contingent-fee agreement yields a reasonable fee amount in the case.  *See Siraco v. Astrue*, 806 F. Supp. 2d 272 (D. Me. 2011).  The court agrees.  The issue then becomes whether the overall award is reasonable in light of the amount of work put forth by Plaintiff's counsel and the outcome of Plaintiff's case.

---

[2] *Brown v. Barnhart*, 270 F. Supp. 2d 769 (W.D. Va. 2003) (effective rate of $977.20); *Mudd v. Barnhart*, 418 F.3d 242 (4th Cir. 2005) ($736.83); *Huttner v. Colvin*, 5:12-cv-166-fl, 2014 WL 1775065, at *2 (E.D.N.C. May 2, 2014) ($800.00); *Washington v. Colvin*, 5:08-cv-55-fl, 2013 WL 1810586, at *3 (E.D.N.C. Apr. 29, 2013) ($965.23); *Thompson v. Barnhart*, 240 F. Supp. 2d 562 (W.D. Va. 2003) ($933.00).

Furthermore, Plaintiff relies upon *Duvall v. Colvin*, No. 5:11-cv-577, 2013 WL 5506081 (D.S.C. Sept. 30, 2013) in order to document an instance in which the court awarded an hourly rate as high as $972.00. (ECF No. 25 at 5-6 (*id.* at *1 (citing *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (finding an hourly rate of $1,433.12 reasonable.))).) Plaintiff fails to mention that in *Claypool*, the requested fee was only nine percent of the past due benefits. *Claypool*, 294 F. Supp. 2d at 832-33. In contrast, the requested fee in the present case represents one-quarter of the past due benefits.

Lastly, Plaintiff asserts the court should disregard the Commissioner's claim that "the instant case did not involve particularly complex or novel issues." (ECF No. 25 at 10.) Plaintiff argues, "Defense counsel's minimization of the complexity of the case is unreasonable. Certainly, there is no law that requires any of the particular issues cited by defense counsel before an attorney's fees can be paid." (*Id*.) Plaintiff is referring to the Commissioner's statement that "in the absence of any apparent factors pointing to unusual novelty or complexity of issues in this case, the necessity of higher than average skill, or an inordinate amount of risk, the amount requested would result in a windfall." (ECF No. 24 at 6.) Yet, in *Gisbrecht*, the Supreme Court provided for judicial review of contingent-fee agreements as an independent check to assure their reasonableness. The same holds true for *Siraco* and a number of other cases set forth above. The issues cited by the Commissioner are encompassed into what a court must take into account when determining the reasonableness of the contingent-fee agreement. Accordingly, when an attorney's fees would result in a windfall, the particular issues cited by the Commissioner may in fact need to be addressed before an attorney's fees can be paid.

In the instant case, Plaintiff's counsel obtained a successful result for Plaintiff. Furthermore, counsel caused no unusual delay in the case. There is no doubt to this court that

7

Plaintiff's counsel provided a thorough and adequate representation of Plaintiff. However, given the amount of hours completed by paralegals, the extensive history the firm has dealing with these types of cases, and the lack of novel or complex issues in the present case, the court finds the full attorney's fee award at $23,889.70 improper. As such, the court reduces the attorney's fees in consideration of the large amount of paralegal time spent on the case to $20,075.00, representing an effective hourly rate of $550.00.

### III.     CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's Motion for Attorney Fees Pursuant to the Social Security Act (ECF No. 23), as modified, in the amount of $20,075.00.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 1, 2015
Columbia, South Carolina